**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| Pine Tree Condominium Association, Inc., | ) | |
| | ) | CASE NO. 24-57695-JWC |
| Debtor. | ) | |

--------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| Neptune Capital, LLC, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | **CONTESTED MATTER** |
| v. | ) | |
| | ) | |
| Pine Tree Condominium Association, Inc., | ) | |
| | ) | |
| Respondent. | ) | |

<u>**NOTICE OF ASSIGNMENT OF HEARING**</u>

     **PLEASE TAKE NOTICE** Neptune Capital, LLC has filed a Motion for Relief from the Automatic Stay and related papers with the Court seeking an order granting relief from the automatic stay.

     **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion for Relief from the Automatic Stay on **September 12, 2024** at **10:00 A.M.** in **Courtroom 1203**, Richard B. Russell Federal Building, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

     Your rights may be affected by the Court's ruling on these pleadings. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one). If you do not want the court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, you are not required to do so. If you file a written response, you must attach a certificate stating when, how and to whom (including addresses) you served the response. Mail/deliver your

response so it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's office: Clerk, United States Bankruptcy Court, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You must also mail a copy to the undersigned at the address below. In the event a hearing cannot be held within thirty (30) days from the filing of the motion for relief from the automatic stay as required by 11 U.S.C. §362, Movant waives this requirement and agrees to the next earliest possible date, as evidenced by signature below. *The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the court orders otherwise.*

      This the 1st day of August, 2024.

                              Respectfully submitted,

                              _____/s/_____
                              Soo J. Hong
                              Georgia Bar Number: 129608
                              Attorney for Movant

BLEVINS & HONG, P.C.
191 Roswell Street
Marietta, Georgia 30060
P (678) 354-2290
F (678) 981-8413
bk@cobbcountylaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| Pine Tree Condominium Association, Inc., | ) | |
| | ) | CASE NO. 24-57695-JWC |
| Debtor. | ) | |

-------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| Neptune Capital, LLC, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | **CONTESTED MATTER** |
| v. | ) | |
| | ) | |
| Pine Tree Condominium Association, Inc., | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND**
**REQUEST FOR WAIVER OF RULE 4001(a)(3)**

**COMES NOW,** Neptune Capital, LLC, Movant in the above-styled case, by and

through the undersigned attorney, and moves this Court for relief from the automatic stay

pursuant to 11 U.S.C. §362 and requests for waiver of Rule 4001(a)(3), and shows this

honorable Court as follows:

1.

On January 2, 2024, Movant filed a Petition to Quiet Title against Sandra Vaughn

a/k/a Sandra Jones, Fulton County Georgia, Midland Funding LLC, Selig Enterprises, Inc.,

Pine Tree Condominium Association, Inc. (the "Debtor"), Odessa Trading Corporation,

Atlanta Check Cashers, Inc., ReCheck Funding, LLC, City of South Fulton Georgia, State of

Georgia (Department of Revenue), Discover Bank, American Express National Bank f/k/a

American Express Bank, FSB, Capital One, National Association s/b/m Capital One Bank,

Bernardo Footwear LLC a/k/a TEFKAB Footwear, LLC, Citibank, National Association

s/b/m Citibank (South Dakota) and United States of America (Internal Revenue Service)

(collectively hereinafter "Defendants"), in the Superior Court of Fulton County for Plaintiff's

interest in certain real property located in Fulton County Georgia commonly known as

3402 Pine Tree Trail Unit 14A College Park, Georgia 30349 (the "Property"). *See* "Exhibit

A".

2.

A valid and legal sale of the Property (the "Tax Sale") was conducted on September 6

2022, as set forth on the Tax Deed recorded in Deed Book 66208 Page 338, Fulton County

Georgia records. (the "Tax Deed")

3.

Movant purchased the Property at the Tax Sale, and the Property was conveyed to

Plaintiff through the Tax Deed.

4.

Service was made upon Debtor Pine Tree Condominium Association, Inc. on January

17, 2024 by personal service upon its registered agent by permanently appointed process

server. The Return of Service was filed March 12 2024. Debtor's deadline to open the

default as a matter of right was April 26, 2024.

5.

Movant foreclosed and barred the Defendants' right of redemption. The last day to

redeem passed with no redemption taking place.

6.

On July 26, 2024, Final Judgment on the Petition to Quiet Title was filed and the counsel for Debtor in the Petition to Quiet Title case expressed no objection to the Final Judgment. *See* "Exhibit B".

7.

There are no association fees due on the Property.

8.

Movant respectfully requests that this Court provide an Order granting relief from the automatic stay in order for the Final Judgment to take effect.

**WHEREFORE**, Movant prays:

(a) That this Court enters an Order granting relief from the automatic stay and co-debtor stay in order for the Final Judgment to take effect;

(b) That the Court order that Federal Rule of Bankruptcy Procedure 4001(a)(3) is not applicable so that Movant may immediately enforce and implement an order granting relief from the automatic stay;

(c) As an alternative to the relief prayed for above, grant adequate protection to Movant for its interest in the Property; and

(d) That the Court grants such other and further relief as may be equitable and just under the circumstances.

This the 1st day of August, 2024.

Respectfully submitted,
BLEVINS & HONG, P.C.


_____/s/_____
Soo J. Hong
Georgia Bar No. 129608
Attorney for Movant

BLEVINS & HONG, P.C.
191 Roswell Street
Marietta, GA 30060
P: 678-354-2290
F: 678-981-8413
bk@cobbcountylaw.com

Fulton County Superior Court
***EFILED***TV
Date: 1/2/2024 1:17 PM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Neptune Capital LLC, | ) | |
|     Plaintiff | ) | CIVIL ACTION 24CV000096 |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | |
| Sandra Vaughn a/k/a Sandra Jones; | ) | |
| Fulton County Georgia; | ) | |
| Midland Funding LLC; | ) | |
| Selig Enterprises, Inc.; | ) | |
| Pine Tree Condominium Association, Inc.; | ) | |
| Odessa Trading Corporation; | ) | |
| Atlanta Check Cashers, Inc.; | ) | |
| ReCheck Funding, LLC; | ) | |
| City of South Fulton Georgia; | ) | |
| State of Georgia (Department of Revenue); | ) | |
| Discover Bank; | ) | |
| American Express National Bank | ) | |
|   f/k/a American Express Bank, FSB; | ) | |
| Capital One, National Association | ) | |
|   s/b/m Capital One Bank; | ) | |
| Bernardo Footwear LLC | ) | |
|   a/k/a TEFKAB Footwear, LLC; | ) | |
| Citibank, National Association | ) | |
|   s/b/m Citibank (South Dakota) NA; and | ) | |
| United States of America | ) | |
|   (Internal Revenue Service) | ) | |
|       Defendants | ) | |

## PETITION TO QUIET TITLE

COMES NOW Neptune Capital LLC ("Plaintiff"), by and through the undersigned

counsel of record, and hereby files this Petition to Quiet Title against Defendants Sandra Vaughn

a/k/a Sandra Jones, Fulton County Georgia, Midland Funding LLC, Selig Enterprises, Inc., Pine

Tree Condominium Association, Inc., Odessa Trading Corporation, Atlanta Check Cashers, Inc.,

ReCheck Funding, LLC, City of South Fulton Georgia, State of Georgia (Department of

Revenue), Discover Bank, American Express National Bank f/k/a American Express Bank, FSB,

Capital One, National Association s/b/m Capital One Bank, Bernardo Footwear LLC a/k/a

TEFKAB Footwear, LLC, Citibank, National Association s/b/m Citibank (South Dakota) NA

1

and United States of America (Internal Revenue Service) (collectively hereinafter "Defendants"),

respectfully showing as follows:

## JURISDICTION AND VENUE

1.

Neptune Capital LLC ("Plaintiff") seeks to quiet title to real property in Fulton County,

Georgia.  Jurisdiction and venue are proper in this Court as Plaintiff brings an action for

conventional quia timet, which sounds in equity, and venue lies in the county where one of the

defendants against whom substantial equity is sought resides. See *Johnson v Red Hill Associates,*

*Inc.,* 278 Ga. 334 (2004).  Here, the registered agent and office with the Georgia Secretary of

State for Defendants Midland Funding LLC, Selig Enterprises Inc., and Pine Tree Condominium

Association Inc. are located in Fulton County Georgia.

Jurisdiction and venue are also proper as to non-Georgia residents Defendants Sandra

Vaughn a/k/a Sandra Jones, Discover Bank, American Express National Bank f/k/a American

Express Bank, FSB, Capital One, National Association s/b/m Capital One Bank, Bernardo

Footwear LLC a/k/a TEFKAB Footwear, LLC, Citibank, National Association s/b/m Citibank

(South Dakota) NA and United States of America (Internal Revenue Service) under the Long

Arm Statute at O.C.G.A. § 9-10-93 ("Venue in cases under this article shall lie in any county

wherein a substantial part of the business was transacted, the tortious act, omission, or injury

occurred, or the real property is located.  …").  Here, the real property is located in Fulton

County, and thus venue is proper here under the Long Arm Statute.  Establishing venue against

one party under the Long Arm Statute is sufficient to establish venue as to the remaining parties.

See, e.g. *Reading Assocs., Ltd. v. Reading Assocs. of Georgia, Inc.*, 236 Ga. 906, 907 (1976).

2

## COUNT I: CONVENTIONAL QUIA TIMET

**3402 Pine Tree Trail Unit 14A College Park, Georgia 30349**

2.

Plaintiff brings an action for conventional quia timet for Plaintiff's interest in certain real property located in Fulton County Georgia commonly known as 3402 Pine Tree Trail Unit 14A College Park, Georgia 30349, having Tax Parcel ID 13-0158-0008-025-2 and the following legal description: All that tract or parcel of land lying and being in Land Lot 158 & 163, of the 13th District of Fulton County, Georgia, being Condominium Unit 14A, Phase 8, of Pinetree Condominiums, as more particularly described in that certain Declaration for Pinetree Condominiums, recorded in Deed Book 9573, page 91, Fulton County, Georgia records, as amended from time to time and as more particularly shown on Condominium Plat book 9, page 82, Fulton County Georgia records, which declaration, plat and the plans described in said declaration are hereby referred to and made a part hereof, being improved property known as No. 3402 Pine Tree Trail, Unit 14A, College Park, Georgia 30349, according to the present of numbering houses in Fulton County, Georgia. (the "Property").

3.

A valid and legal sale of the Property (the "Tax Sale") was conducted on September 6 2022, as set forth on the Tax Deed recorded in Deed Book 66208 Page 338, Fulton County Georgia records. (the "Tax Deed").

4.

Plaintiff purchased the Property at the Tax Sale, and the Property was conveyed to Plaintiff through the Tax Deed.

5.

Plaintiff foreclosed and barred the Defendants' right of redemption pursuant to O.C.G.A. 48-4-45 et seq.

6.

A Notice Of Foreclosure Of Right To Redeem Property ("Notice") was printed in the form provided by O.C.G.A. § 48-4-46(a), with all blanks in the form completed with all necessary facts required.  The Notice was served in the manner required by law upon (A) the defendant in the execution under or by virtue of which the sale was held; (B) the occupant, if any, of the Property; and (C) all persons having of record in the county in which the land is located any right, title, or interest in, or lien upon the Property.  To the extent any person did not receive actual notice or delivery, Plaintiff conducted reasonable and due diligence to ascertain the names and addresses of all persons entitled to notice locate and serve such recipient which satisfied the legal requirement. See *Hamilton v. Renew Hope, Inc*., 277 Ga. 465 (2003).

7.

Plaintiff delivered the Notice and the copies together with a list of the persons to be served, which was the persons entitled to notice which resided or were located inside the county in which the Property lies, to the sheriff of the county in which the land is located not less than 45 days before the date set in each notice for the expiration of the right to redeem.  Within 15 days after delivery to him, the sheriff served a copy of the Notice personally or by deputy upon each of the persons included on the list furnished him who reside in the county to the maximum extent possible.

4

8.

The Notice was sent by certified mail to all parties entitled to notice which resided or were located outside the county in which the Property lies.

9.

In compliance with O.C.G.A. § 48-4-45 and all other authority, the Notice was published in the newspaper in which the sheriff's advertisements for the county are published in each county in which the Property is located, which publication occurred once a week for four consecutive weeks in the six-month period immediately prior to the week of the redemption deadline date specified in the Notice.

10.

The last day to redeem passed with no redemption taking place.  Inasmuch as proper notice of the right to foreclose the right of redemption was given or attempted as provided by law, and no redemption having been made, the Property is now no longer subject to the right of redemption.  See *Land USA, LLC v. Georgia Power Co*, 297 Ga. 237, 240 (2015).

11.

Once the Defendants' rights of redemption terminated, all liens upon the Property were divested from and could no longer be enforced against the Property.  See *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41 (2003).

12.

Plaintiff is now the fee simple owner of the Property.

13.

Each Defendant's equity of redemption operates to throw a cloud or suspicion upon Plaintiff's title to the Property and might be vexatiously or injuriously used against Plaintiff.

Plaintiff cannot immediately or effectually maintain or protect its rights by any other course of

proceeding open to it other than seeking cancellation, and the cancellation of each Defendant's

equity of redemption pursuant to O.C.G.A. § 23-3-40 et seq. is necessary to Plaintiff's perfect

protection.

14.

The following recorded or claimed interests in or liens upon the Property operate to throw

a cloud or suspicion upon Plaintiff's title to the Property and might be vexatiously or injuriously

used against Plaintiff.  Plaintiff seeks a declaration that Plaintiff owns the Property free and clear

of any interest or lien by any named Defendant, including but not limited to any interest or lien

by and through the following instruments:

(a) Deed Book 43665 Page 178, Fulton County Records, Limited Warranty Deed in favor of Sandra Vaughn a/k/a Sandra Jones
(b) Lien Book 219 Page 557, Fulton County Records, Writ of Fieri Facias in favor of Discover Bank
(c) Lien Book 508 Page 200, Fulton County Records, Georgia Department of Revenue State Tax Execution in favor of State of Georgia (Department of Revenue)
(d) Lien Book 2404 Page 440, Fulton County Records, Nulla Bona for Georgia Department of Revenue State Tax Execution in favor of State of Georgia (Department of Revenue)
(e) Lien Book 835 Page 743, Fulton County Records, Georgia Department of Revenue State Tax Execution in favor of State of Georgia (Department of Revenue)
(f) Lien Book 2700 Page 16, Fulton County Records, Nulla Bona for Georgia Department of Revenue State Tax Execution in favor of State of Georgia (Department of Revenue)
(g) Lien Book 4064 Page 15, Fulton County Records, Georgia Department of Revenue State Tax Execution in favor of State of Georgia (Department of Revenue)
(h) Lien Book 5375 Page 245, Fulton County Records, Georgia Department of Revenue State Tax Execution in favor of State of Georgia (Department of Revenue)
(i) Lien Book 2194 Page 554, Fulton County Records, Georgia Department of Revenue State Tax Execution in favor of State of Georgia (Department of Revenue)
(j) Lien Book 632 Page 22, Fulton County Records, Writ of Fieri Facias in favor of Odessa Trading Corporation
(k) Lien Book 2538 Page 202, Fulton County Records, Writ of Fieri Facias in favor of Odessa Trading Corporation
(l) Lien Book 752 Page 250, Fulton County Records, Writ of Fieri Facias in favor of Odessa Trading Corporation
(m) Lien Book 1130 Page 734, Fulton County Records, Writ of Fieri Facias in favor of American Express National Bank f/k/a American Express Bank, FSB

(n) Lien Book 1324 Page 265, Fulton County Records, Writ of Fieri Facias in favor of ReCheck Funding, LLC

(o) Lien Book 1387 Page 597, Fulton County Records, Writ of Fieri Facias in favor of Bernardo Footwear LLC a/k/a
TEFKAB Footwear, LLC

(p) Lien Book 1652 Page 724, Fulton County Records, Nulla Bona for Writ of Fieri Facias in favor of Bernardo Footwear LLC a/k/a TEFKAB Footwear, LLC

(q) Lien Book 1558 Page 613, Fulton County Records, Writ of Fieri Facias in favor of Capital One, National Association s/b/m Capital One Bank

(r) Lien Book 1611 Page 403, Fulton County Records, Writ of Fieri Facias in favor of Atlanta Check Cashers, Inc.

(s) Lien Book 1654 Page 570, Fulton County Records, Writ of Fieri Facias in favor of Midland Funding LLC

(t) Lien Book 4671 Page 411, Fulton County Records, Writ of Fieri Facias in favor of Midland Funding LLC

(u) Lien Book 1692 Page 119, Fulton County Records, Writ of Fieri Facias in favor of Citibank, National Association s/b/m Citibank (South Dakota)

(v) Lien Book 1957 Page 652, Fulton County Records, Writ of Fieri Facias (Avoided in Bankruptcy Action) in favor of Selig Enterprises, Inc.

(w) Lien Book 4611 Page 359, Fulton County Records, Notice of Lien in favor of Pine Tree Condominium Association, Inc.

(x) Lien Book 4982 Page 74, Fulton County Records, Writ of Fieri Facias in favor of Pine Tree Condominium Association, Inc.

(y) Lien Book 1255 Page 714, Fulton County Records, Fieri Facias in favor of Fulton County Georgia

(z) Lien Book 1525 Page 197, Fulton County Records, Fieri Facias in favor of Fulton County Georgia

(aa)      Lien Book 1861 Page 331, Fulton County Records, Fieri Facias in favor of Fulton County Georgia

(bb)       Lien Book 2240 Page 476, Fulton County Records, Fieri Facias in favor of Fulton County Georgia

(cc)       Lien Book 2556 Page 173, Fulton County Records, Fieri Facias in favor of Fulton County Georgia

(dd)       Lien Book 2883 Page 741, Fulton County Records, Fieri Facias in favor of Fulton County Georgia

(ee)       Lien Book 3204 Page 425, Fulton County Records, Fieri Facias in favor of Fulton County Georgia

(ff) Lien Book 3407 Page 485, Fulton County Records, Department of the Treasury – Internal Revenue Service Notice of Federal Tax Lien in favor of United States of America (Internal Revenue Service)

15.

**Notice Regarding Association.**  Notwithstanding the generality of the foregoing,

Plaintiff agrees the Declaration in favor of the Pine Tree Condominium Association, Inc. shall

continue to be in force and bind the Property and does not seek to impair the ability of Pine Tree

Condominium Association, Inc. to enforce new assessments first arising from the date of the Tax

Sale or later in time.

16.

Plaintiff hereby seeks and is entitled to a declaration that fee simple title to the Property

has vested absolutely in Plaintiff and Plaintiff's heirs and assigns, that no Defendants have any

interest or lien upon the Property, cancellation of each Defendant's equity of redemption, and a

declaration that all Defendants' right of redemptions were barred by law.

17.

All conditions precedent to the relief sought herein have been satisfied or waived.

WHEREFORE, Plaintiff prays:

(a)     that this Court render judgment in favor of Plaintiff and against each Defendant;

(b)     that this Court quiet title to Plaintiff's interest in the Property, and cancel all

        instruments and equities of redemption which constitute a cloud on Plaintiff's

        title;

(c)     that this Court enter such other and further relief as is just and proper under the

        circumstances.

Respectfully submitted on December 29, 2023

/s/ James R. Fletcher II
James R. Fletcher II
Georgia Bar No. 232541
Fletcher Law Firm LLC
328 SE Alexander Street, Suite # 10
Marietta GA 30060
Phone: 404-409-5665
Email: Jim@FletcherLawFirm.com
Attorney for Plaintiff
Our File No. 2888.0021

**Rule 36.4 Statement:** This signature is affixed to the *Petition to Quiet Title* in the case of *Neptune Capital LLC v. Sandra Vaughn a/k/a Sandra Jones* et al. in the Superior Court of Fulton County Georgia.

9

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Neptune Capital LLC,                      )
     Plaintiff                          )        CIVIL ACTION
                                       )        FILE NO. 24CV000096
v.                                        )
                                       )
Sandra Vaughn a/k/a Sandra Jones, et al.  )
     Defendants                         )

**FINAL JUDGMENT**

This matter has come before the Court on the Motion For Default Judgment And

Judgment On The Pleadings ("Motion") filed by Plaintiff.  Having considered the Motion, the

entire record, and finding good cause, the Motion is hereby GRANTED, and a Judgment is

entered in favor of Plaintiff Neptune Capital LLC and against Defendants Selig Enterprises, Inc.;

Sandra Vaughn a/k/a Sandra Jones; Midland Funding LLC; Pine Tree Condominium

Association, Inc.; Odessa Trading Corporation; Atlanta Check Cashers, Inc; ReCheck Funding,

LLC; Discover Bank; American Express National Bank f/k/a American Express Bank, FSB;

Capital One, National Association s/b/m Capital One Bank; Bernardo Footwear LLC a/k/a

TEFKAB Footwear, LLC; and Citibank, National Association s/b/m Citibank (South Dakota)

NA.

No new relief is granted in this order as to Fulton County Georgia, the City of South

Fulton, the State of Georgia (Department of Revenue) or the United States of America, because

Orders were entered separately as to each.

It is Ordered and Adjudged:

Service was made upon Defendant Sandra Vaughn a/k/a Sandra Jones by publication in

the legal organ on March 27, April 3, 10 and 17, 2024 per Order Granting Service by Publication

1

entered on March 14 2024 and Publisher's Affidavit efiled on May 29 2024.  This Defendant's

deadline to open the default as a matter of right was May 28 2024.

Service was made upon Defendant Midland Funding LLC on January 8 2024 by personal

service upon its authorized recipient Irvin Smith by permanently appointed process server.  The

Return of Service was filed March 12 2024.  This Defendant's deadline to open the default as a

matter of right was April 26 2024.

Service was made upon Defendant Pine Tree Condominium Association, Inc. on January

17 2024 by personal service upon its registered agent by permanently appointed process server.

The Return of Service was filed March 12 2024.  This Defendant's deadline to open the default

as a matter of right was April 26 2024.

Service was made upon Defendant Odessa Trading Corporation on January 9 2024 by

personal service upon its registered agent by permanently appointed process server.  The Return

of Service was filed March 12 2024.  This Defendant's deadline to open the default as a matter

of right was April 26 2024.

Service was made upon Defendant Atlanta Check Cashers, Inc on January 8 2024 by

personal service upon its last registered agent by permanently appointed process server.  The

Return of Service was filed March 12, 2024.  This Defendant's deadline to open the default as a

matter of right was April 26 2024.

Service was made upon Defendant ReCheck Funding, LLC on February 29 2024 by

statutory overnight delivery pursuant to O.C.G.A. § 14-2-504(b), sent to the Defendant on

February 14 2024 with delivery to the address on February 15 2024 and by statutory overnight

delivery upon the Georgia Secretary of State, as substitute Registered Agent, sent February 28

2024 and delivered February 29 2024.  The Affidavit of Service via Secretary of State and

2

Return of Service (Statutory Overnight Delivery) were efiled on March 6 2024.. The Return of Service was filed March 6 2024. This Defendant's deadline to open the default as a matter of right was April 16 2024.

Service was made upon Defendant Discover Bank on January 5 2024 by personal service upon its registered agent by private process server. The Return of Service was filed January 5 2024. This Defendant's deadline to open the default as a matter of right was February 20 2024.

Service was made upon Defendant American Express National Bank f/k/a American Express Bank, FSB on January 8 2024 by personal service upon authorized employee at its registered agent by deputy and process server. The Return of Service was filed January 10 2024. This Defendant's deadline to open the default as a matter of right was February 22 2024.

Service was made upon Defendant Capital One, National Association s/b/m Capital One Bank on January 8 2024 by personal service upon its authorized agent by private process server. The Return of Service was filed January 10 2024. This Defendant's deadline to open the default as a matter of right was February 22 2024.

Service was made upon Defendant Bernardo Footwear LLC a/k/a TEFKAB Footwear, LLC on January 11 2024 by personal service upon its last registered agent Wilma Jean Smith by private process server. The Return of Service was filed January 16 2024. This Defendant's deadline to open the default as a matter of right was February 27 2024.

Service was made upon Defendant Citibank, National Association s/b/m Citibank (South Dakota) NA on January 16, 2024 by personal service upon its legal operations coordinator by private process server. The Return of Service was filed January 24, 2024. This Defendant's deadline to open the default as a matter of right was March 11 2024.

Each Defendant named above failed to respond by the legal deadline or at all, or to open

default as a matter of right.  Each Defendant named above is in default, and Plaintiff is entitled to

a default judgment. O.C.G.A. § 9-11-55(a).

The Answer and Consent was filed for Defendant Selig Enterprises, Inc. on January 10,

2024, consenting to the relief sought by Plaintiff.  Judgment on the pleadings entered in favor of

Plaintiff against this Defendant.

Plaintiff's Count I for conventional quiet title is GRANTED.  Through that Tax Deed in

Deed Book 66208 Page 338 Fulton County Georgia Records, fee simple title has vested

absolutely in Plaintiff and Plaintiff's heirs and assigns to the real property commonly known as

3402 Pine Tree Trail Unit 14A College Park, Georgia 30349 with Fulton County Tax Parcel ID

13-0158-0008-025-2 which has the following legal description:

> All that tract or parcel of land lying and being in Land Lot 158 & 163, of the 13th
> District of Fulton County, Georgia, being Condominium Unit 14A, Phase 8, of
> Pinetree Condominiums, as more particularly described in that certain Declaration
> for Pinetree Condominiums, recorded in Deed Book 9573, page 91, Fulton County,
> Georgia records, as amended from time to time and as more particularly shown on
> Condominium Plat book 9, page 82, Fulton County Georgia records, which
> declaration, plat and the plans described in said declaration are hereby referred to
> and made a part hereof, being improved property known as No. 3402 Pine Tree
> Trail, Unit 14A, College Park, Georgia 30349, according to the present of
> numbering houses in Fulton County, Georgia.
> (hereinafter the "Property").

However, the Declaration in favor of the Pine Tree Condominium Association, Inc. shall

continue to be in force and bind the Property and this judgment does not impair the ability of

Pine Tree Condominium Association, Inc. to enforce new assessments first arising from the date

of the September 6 2022 Tax Sale or later in time.

Plaintiff properly barred the equity and right of redemption of each Defendant.  The

Court orders that Defendants and their successors in interest shall have no interest in or lien upon

the Property, including but not limited to through the following instruments recorded in the

Fulton County Georgia Records:

1. Limited Warranty Deed in favor of Sandra Jones recorded in Deed Book 43665 Page 178

2. Writ of Fieri Facias in favor of Discover Bank recorded in Lien Book 219 Page 557

3. Writ of Fieri Facias in favor of Odessa Trading Corporation recorded in Lien Book 632 Page 22

4. Writ of Fieri Facias in favor of Odessa Trading Corporation recorded in Lien Book 2538 Page 202

5. Writ of Fieri Facias in favor of Odessa Trading Corporation recorded in Lien Book 752 Page 250

6. Writ of Fieri Facias in favor of American Express National Bank f/k/a American Express Bank, FSB recorded in Lien Book 1130 Page 734

7. Writ of Fieri Facias in favor of ReCheck Funding, LLC recorded in Lien Book 1324 Page 265

8. Writ of Fieri Facias in favor of Bernardo Footwear LLC a/k/a TEFKAB Footwear, LLC recorded in Lien Book 1387 Page 597

9. Nulla Bona for Writ of Fieri Facias in favor of Bernardo Footwear LLC a/k/a TEFKAB Footwear, LLC recorded in Lien Book 1652 Page 724

10. Writ of Fieri Facias in favor of Capital One, National Association s/b/m Capital One Bank recorded in Lien Book 1558 Page 613

5

11. Writ of Fieri Facias in favor of Atlanta Check Cashers, Inc. recorded in Lien Book 1611 Page 403

12. Writ of Fieri Facias in favor of Midland Funding LLC recorded in Lien Book 1654 Page 570

13. Writ of Fieri Facias in favor of Midland Funding LLC recorded in Lien Book 4671 Page 411

14. Writ of Fieri Facias in favor of Citibank, National Association s/b/m Citibank (South Dakota) recorded in Lien Book 1692 Page 119

15. Writ of Fieri Facias (Avoided in Bankruptcy Action) in favor of Selig Enterprises, Inc., Inc. recorded in Lien Book 1957 Page 652

16. Notice of Lien in favor of Pine Tree Condominium Association, Inc. recorded in Lien Book 4611 Page 359

17. Writ of Fieri Facias in favor of Pine Tree Condominium Association, Inc. recorded in Lien Book 4982 Page 74

The Clerk of Superior Court is hereby directed to record this Final Judgment in the land records and make the cross-references above.

SO ORDERED this _24th_ day of _July_ , 2024

_____
Judge Thomas A. Cox, Jr.
Superior Court of Fulton County

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Motion for Relief and Notice of Hearing upon all parties in this matter by placing a true and correct copy of the same in the United States Mail with adequate postage thereon addressed as follows:

Pine Tree Condominium Association, Inc.
5900 Windward Pkwy
Suite 390
Alpharetta, GA 30005

I further certify that the following parties were served via the ECF electronic mail/noticing system:

Tamara M. Ogier
Chapter 11 Subchapter V Trustee
PO Box 1547
Decatur, GA 30031

*U.S. Trustee*
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Mark Gensburg
Jones & Walden LLC
699 Piedmont Ave NE
Atlanta, GA 30308

This the 1st day of August, 2024.

BLEVINS & HONG, P.C.

_____/s/_____
Soo J. Hong
Georgia Bar No. 129608
Attorney for Movant

BLEVINS & HONG, P.C.
191 Roswell Street
Marietta, GA 30060
P: 678-354-2290
F: 678-981-8413
bk@cobbcountylaw.com