**IT IS ORDERED as set forth below:**

**Date: August 1, 2024**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**PINE TREE CONDOMINIUM ASSOCIATION, INC.,**<br><br>    Debtor. | **CHAPTER 11**<br>**SUBCHAPTER V**<br><br>**CASE NO. 24-57695-JWC** |
| **PINE TREE CONDOMINIUM ASSOCIATION, INC.,**<br><br>    Movant,<br><br>v.<br><br>**CITY OF ATLANTA DEPARTMENT OF WATERSHED MANAGEMENT and GEORGIA POWER COMPANY,**<br><br>    Respondents. | **CONTESTED MATTER** |

**ORDER GRANTING MOTION**
**REQUESTING ENTRY OF ORDER APPROVING OFFER OF**
**ADEQUATE ASSURANCE OF FUTURE PERFORMANCE TO RESPONDENTS**

The above-captioned case came before the Court on August 1, 2024, at 11:00 A.M., for a

hearing (the "Hearing") on the *Motion Requesting Entry of Order Approving Offer of Adequate*

*Assurance of Future Performance to Respondents* (Docket No. 7) (the "Motion") filed on July 26, 2024, by Pine Tree Condominium Association, Inc. (the "Debtor"). In the Motion, Debtor requested entry of an order: (a) prohibiting the above-captioned Providers[1] ("Respondents") from altering, refusing, or disconnecting services on account of the failure to pay a prepetition invoice when due, the filing of these bankruptcy cases, or the failure to post a deposit; (b) providing that the Debtor's offer to the Respondents a post-petition security deposits to provide the Respondents with "adequate assurance of payment" within the meaning 11 U.S.C. §366; and (c) establishing procedures for determining requests for additional adequate assurance made by Respondents.

At the Hearing, Mark D. Gensburg appeared on behalf of Debtor. Lindsay P. S. Kolba appeared on behalf of the United States Trustee. Tamara M. Ogier appeared as the Subchapter V Trustee. No Respondent or other party appeared in opposition to the Motion. Based upon a review of the Motion and the representations contained therein, it appears good and sufficient cause exists to grant the Motion. Therefore, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Debtor shall maintain its deposit of $500.00 (the "Adequate Assurance Deposit") in its segregated Account (the "Adequate Assurance Account") for each Respondent as required by Section 366 of the Bankruptcy Code; *provided that* to the extent any Provider receives any other value from the Debtor on account of adequate assurance, upon agreement with the Provider, the Debtor may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account by such amount.

3. This Order is entered without prejudice to the rights of any Respondent to request additional assurances from Debtor in the form of deposits or other security in accordance with the following procedures:

---

[1] All capitalized terms not defined herein shall retain the definition given to them in the Motion.

(a) Provider must request additional assurance in writing so that it is actually received by Debtor's counsel, Mark D. Gensburg, Jones, & Walden LLC, 699 Piedmont Avenue NE, Atlanta, Georgia 30308 within twenty-one (21) days after entry of an order approving this Motion (the "<u>Provider Request Deadline</u>"). Any requests received after the Provider Request Deadline shall be untimely and null and void;

(b) In the event Debtor believes that a timely request for additional assurances made by a Provider is unreasonable and the parties are unable to reach a consensual resolution, the Provider shall be required to file a motion for determination of adequate assurance of payment (the "<u>Payment Determination Motion</u>") requesting a hearing. A Payment Determination Motion must be filed within forty-five (45) days after entry of an Order approving this Motion.

(c) In the event a Hearing is scheduled, the Provider shall be deemed to have adequate assurance of payment until an order of the Court is entered in connection with the Hearing.

4. Except as provided in this Order, absent any further order of this Court, Respondents are prohibited from altering, refusing, or discontinuing services to, discriminating against Debtor or requiring the payment of an additional deposit or other security in connection with a prepetition invoice for utility services including, but not limited to, the furnishing of electricity, water, or any other utility or similar service furnished to Debtor.

5. Counsel for Debtor is directed to serve a copy of this Order upon the U.S. Trustee, the Subchapter V Trustee, and Respondents to the Motion within three days of entry of this Order and to file a certificate of such service within three days of mailing.

**[END OF ORDER]**

*Prepared and Presented by:*
**JONES & WALDEN LLC**
<u>/s/ Mark D. Gensburg</u>
Mark D. Gensburg
Georgia Bar No. 213119
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
mgensburg@joneswalden.com
*Proposed Attorney for Debtor*

United States Bankruptcy Court

Northern District of Georgia

| | |
|---|---|
| In re: | Case No. 24-57695-jwc |
| Pine Tree Condominium Association, Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 113E-9 | User: bncadmin | Page 1 of 1 |
| Date Rcvd: Aug 02, 2024 | Form ID: pdf615 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 04, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Pine Tree Condominium Association, Inc., 5900 Windward Pkwy., Suite 390, Alpharetta, GA 30005-5479 |
| cr | + | Neptune Capital LLC, c/o Blevins & Hong, PC, 191 Roswell St NE, Marietta, GA 30060, UNITED STATES 30060-1937 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 04, 2024        Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 2, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Lindsay P. S. Kolba | on behalf of U.S. Trustee United States Trustee lindsay.p.kolba@usdoj.gov |
| Mark Gensburg | on behalf of Debtor Pine Tree Condominium Association  Inc. mgensburg@joneswalden.com, ljones@joneswalden.com;lpineyro@joneswalden.com;cmccord@joneswalden.com;bdernus@joneswalden.com;tvuncannon@joneswalden.com |
| Soo J. Hong | on behalf of Creditor Neptune Capital LLC bk@cobbcountylaw.com |
| Tamara M. Ogier (Sub V Trustee) | tmo@orratl.com  jc@orratl.com;tmo@trustesolutions.net;ctmo11@trustesolutions.net |

TOTAL: 4